UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ILAI KANUTU KOONWAIYOU,<br><br>               Plaintiff,<br>   v.<br><br>ANTONY J BLINKEN,<br><br>               Defendant. | CASE NO. 3:21-cv-05474-DGE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

Plaintiff asks the Court for an order declaring him a national of the United States ("U.S."). He claims U.S. national status derivative of his mother pursuant to 8 U.S.C. § 1408(4) as amended in 1986 ("Section 1408(4)"). Plaintiff asserts his mother became a U.S. national at birth as a matter of law on the date she was conferred U.S. national status pursuant to Section 1408(4). However, the 1986 amendment to Section 1408(4) included proviso language limiting Section 1408(4)'s application to persons, such as Plaintiff's mother, born before the amendment.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

For the reasons stated herein, the Court GRANTS Defendants' motion to dismiss, concluding the 1986 amendment's proviso language limits Plaintiff's mother's U.S. national status to the date it was conferred and that such status is not retroactive to Plaintiff's mother's date of birth.

## II.     BACKGROUND

### A. Plaintiff and Plaintiff's Mother.

Plaintiff was born in Western Samoa on November 19, 1967. (Dkt. No. 6 at 1.) He asserts he is a U.S. national pursuant to Section 1408(4) because he alleges his mother was a U.S. national at the time of his birth. (*Id*. at 6-7.)

Plaintiff's mother applied for and was conferred U.S. national status pursuant to Section 1408(4) after it was amended in 1986. (*Id*. at 6.)[1]  It was because of said amendment that Plaintiff's mother qualified for national status. (*Id*.)

### B. Statutory Language at Issue.

The motion to dismiss turns on the interpretation of Section 1408(4) as amended in 1986 by Sections 15(a) and 15(b) of Public Law 99-396, 100 Stat 837 (1986). Section 15(a) identifies the amendment and Section 15(b) contains language applicable to the amendment. Only the language of Section 15(a) was codified at Section 1408(4). Pursuant to the 1986 amendment, 8 U.S.C. § 1408 reads as follows:

> Unless otherwise provided in section 1401 of this title, the following shall be nationals, but not citizens, of the United States at birth:
>
> (1) A person born in an outlying possession of the United States on or after the date of formal acquisition of such possession;

---

[1] Plaintiff did not identify the date his mother's national status was conferred, only that it occurred after the 1986 amendment.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

>   (2) A person born outside of the United States and its outlying possessions of parents both of whom are nationals, but not citizens, of the United States, and have had a residence in the United States, or one of its outlying possessions prior to the birth of such person;
>
>   (3) A person of unknown parentage found in an outlying possession of the United States while under the age of five years, until shown, prior to his attaining the age of twenty-one year, not to have been born in such outlying possession; and
>
>   (4) A person born outside of the United States and its outlying possessions of parents one of whom is an alien, and the other a national, but not a citizen, of the United States . . . [.][2]

With regard to subsection 1408(4) above, Section 15(b) of Public Law 99-396 states:

>   . . . .
>
>   [§ 1408(4)] shall apply to persons born before, on, or after the date of the enactment of this Act.  In the case of a person born before the date of the enactment of this Act-
>
>   (1) the status of a national of the United States shall not be considered to be conferred upon the person until the date the person establishes to the satisfaction of the Secretary of State that the person meets the requirements of section [(4)]; and
>
>   (2) the person shall not be eligible to vote in any general election in American Samoa earlier than January 1, 1987.

### III.    STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Rule 12(b)(6)[3] of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

---

[2] The remainder of subsection (4) identifies physical presence requirements.  For purposes of the present motion, the physical presence requirements are not at issue.

[3] The Defendant's motion was filed under both Rule 12(b)(1) and Rule 12(b)(6).  However, the Rule 12(b)(1) argument was specifically directed at Plaintiff's Administrative Procedure Act ("APA") claim.  (Dkt. No. 12-1 at 5.)  Notwithstanding, Defendants acknowledged the Court's jurisdiction pursuant to 8 U.S.C. § 1503(a).  (*Id*.)  In response, Plaintiff agreed to withdraw his APA claim and, therefore, said claim no longer is at issue.  (Dkt. No. 14 at 4 n.1.)

allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  *Id*.  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Bell Atl. Corp.*, 550 U.S. at 570.

## IV.   DISCUSSION

"Statutory interpretation begins with the language of the statute.  When the plain meaning of a statutory provision is unambiguous, that meaning is controlling." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1171 (9th Cir. 2011) (citations omitted).  Courts must presume that Congress "says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992).  This means, "[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006).  Interpretation also "depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. Postal Serv.*, 546 U.S. 481, 486 (2006).  Moreover, "We must 'interpret [the] statut[e] as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

renders other provisions of the same statute inconsistent, meaningless or superfluous." *California v. Azar*, 911 F.3d 558, 569 (9th Cir. 2018) (quoting *United States v. Thomsen*, 830 F.3d 1049, 1057 (9th Cir. 2016).

### A. The Plain Language of Section 15(b) Identifies Method For Obtaining U.S. National Status For Persons Born Before Enactment of The 1986 Amendment.

Section 15(b) of Public Law 99-396 is "a binding provision of positive law." *Koonwaiyou v. Barr*, 830 Fed. Appx. 566, 567 (9th Cir. 2020). The first sentence of Section 15(b) states that Section 1408(4) applies "to persons born before, on, or after the date of enactment." However, the second sentence of Section 15(b) limits the extent to which Section 1408(4) applies to persons born before the date of enactment. It states, "[i]n the case of a person born before the date of the enactment of this Act-(1) the status of national of the United States shall not be considered to be conferred upon the person until the date the person establishes to the satisfaction of the Secretary of State" that they meet the requirements of Section 1408(4).

Contrary to Plaintiff's contention, the second sentence of Section 15(b) is not a "procedural requirement" for persons born before the 1986 amendment "to obtain confirmation of their U.S. nationality from the Secretary of State." (*See* Dkt. No. 14 at 5.) It also is not a "mechanism to verify nationality claims" (Dkt. No. 21 at 1) or a "verification process for some U.S. nationals." (*Id.* at 2.) While the legislative history cited by Plaintiff identifies the purpose behind the amendment, i.e. "to enable these residents of American Samoa to take their place with other members of their community," the amendment provided a *grant* of U.S. nationality to certain individuals who had been unable to avail themselves of Section 1408(4) before the amendment. *See* 132 Cong. Rec. 18619 (1986) ("Several hundred long-term residents of American Samoa would be granted U.S. nationality by this section.").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

Thus, Section 15(b) imposes a statutory requirement for persons born before the date of enactment "in which approval by the Secretary of State is plainly stated as a prerequisite for *obtaining* U.S. nationality rather than an optional mechanism for clarifying one's status". *Koonwaiyou*, 830 Fed. Appx. at 567 (emphasis added).  Accordingly, Section 15(b), and specifically the language therein applicable to persons born before the amendment, identifies the method for obtaining rather than confirming or verifying U.S. nationality status.

### B. Meaning of "Shall Not Be Considered To Be Conferred Upon The Person Until the Date The Person Establishes To The Satisfaction Of The Secretary of State" They Meet Requirements of Section 1408(4).

1. "Shall Not Be Considered To Be" Means "Is Not".

The language "shall not be considered to be" as used in Section 15(b)(1) ordinarily means that whatever is identified preceding such language is not that which is identified after such language.  This conclusion is supported by other sections of the Immigration and Nationality Act that use the exact same language.  For example, 8 U.S.C. §1254a(a)(5) states, "granting of temporary protected status under this section shall not be considered to be inconsistent with the granting of nonimmigrant status under this chapter."  In other words, granting temporary protected status is not inconsistent with granting nonimmigrant status.  8 U.S.C. § 1182(a)(6)(C)(ii)(II) states, ". . . the alien shall not be considered to be inadmissible under any provision of this subsection based on such representation."  In other words, the alien is not inadmissible based on the referenced representation.  8 U.S.C. § 1182(a)(10)(D)(ii) states, ". . . the alien shall not be considered to be inadmissible under any provision of this subsection based on such violation."  In other words, the alien is not inadmissible based on the referenced violation.  8 U.S.C. § 1227(a)(3)(D)(ii) states, ". . . the alien shall not be considered to be deportable under any provision of this subsection based on such representation."  In other words,

the alien is not deportable based on the referenced representation. 8 U.S.C. § 1227(a)(6)(B) states, ". . . the alien shall not be considered to be deportable under any provision of this subsection based on such violation." In other words, the alien is not deportable based on the referenced violation. 8 U.S.C. § 1101(a)(44)(c) states, "[a]n individual shall not be considered to be acting in a managerial or executive capacity . . . merely on the basis of the number of employees" the individual supervises or has supervised or directed. In other words, the individual is not acting in a managerial or executive capacity based solely on the number of employees supervised.[4]

Thus, the plain meaning of "shall not be considered to be" is "is not."

2. "Conferred Upon the Person" Means Bestowed or Granted Upon the Person.

Confer means "[t]o grant (something) as a gift, benefit, or honor" and is synonymous with the word "bestow." *Confer*, Black's Law Dictionary (11th ed. 2019). Thus, as used in Section 15(b)(1), "conferred upon a person" means the granting (or bestowing) of a gift, benefit or honor upon the person. In this instance, the gift, benefit, or honor is "the status of a national of the United States."

3. "Until the Date The Person Establishes To The Satisfaction of The Secretary of State . . .[.]"

---

[4] "Shall not be considered to be" language is found in other statutes and supports the conclusion that the phrase means "is not". *See, e.g.*, 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor . . . ."); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence . . . ."); 15 U.S.C. § 78c(a)(4)(B) ("A bank shall not be considered to be a broker because the bank engages in any one or more of the following activities . . . ."); 16 U.S.C. 1536(o)(2) ("any taking that is in compliance with the terms and conditions specified in a written statement . . . shall not be considered to be a prohibited taking of the species concerned.").

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 7

"Until the date the person establishes to the satisfaction of the Secretary of State" is a date specific to an individual applicant. In this case, the record does not identify the specific date Plaintiff's mother established to the satisfaction of the Secretary of State that she met the requirements of Section 1408(4). It identifies only that this occurred after the amendment was enacted. (*See* Dkt. No. 6 at 6.) For purposes of analyzing Section 15(b), the Court will use November 1, 1986 as the date Plaintiff's mother established to the satisfaction of the Secretary of State that she met the requirements of Section 1408(4).[5]

4. Having Interpreted the Operative Language of Section 15(b), Its Meaning is Clear.

The meaning of Section 15(b) is clear. It can be read as follows:

> [§ 1408(4)] shall apply to persons born before, on, or after the date of the enactment of this Act. In the case of a person born before the date of the enactment of this Act-
>
> (1) the status of a national of the United States [is not granted (or bestowed)] upon the person until [November 1, 1986]; and
>
> (2) the person shall not be eligible to vote in any general election in American Samoa earlier than January 1, 1987.

**C. For Persons Born Before the Amendment to Section 1408(4), National Status is Conferred on a Date Certain Not "At Birth."**

Plaintiff argues that on the date a person is conferred (or granted) national status under Section 15(b)(1), that person automatically is a national at birth pursuant to the first part of Section 1408 which states, "the following shall be nationals, but not citizens, of the United States at birth[.]" Defendant asserts a person is only a national as of the date the status is conferred and otherwise does not relate back to their date of birth because of the proviso language contained in Section 15(b)(1). Thus, using the date of November 1, 1986 as the presumed date Plaintiff's

---

[5] The actual date can be any date after the date of enactment. November 1, 1986 is only being used as a placeholder to assist in interpreting the language of Section 15(b).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

mother was granted U.S. national status under Section 15(b)(1), Plaintiff asserts she became a U.S. national as of the date of her birth, while Defendant asserts she became a U.S. national only as of November 1, 1986.

Plaintiff advances that the failure to recognize his mother as a national at birth ignores the clear language—specifically, the "at birth" language—contained in the first part of Section 1408 and that doing so would be a violation of the canon of statutory interpretation which requires that courts must give effect to each word and not render language inoperative or meaningless. (Dkt. No. 14 at 7.) However, as already noted, although Section 15(b) identifies that the amendment to Section 1408(4) applies "to persons born before, on, or after the date of the enactment of" the 1986 amendment, Congress placed a specific limitation on persons born before the date of enactment. That limitation plainly identifies that such persons are not granted (or bestowed) national status until a date certain. *See supra* Section III.B. Again, for persons born before the enactment, Section 15(b) identifies the "prerequisite for *obtaining* U.S. nationality[.]" *Koonwaiyou*, 830 Fed. Appx. At 567 (emphasis added). Section 15(b), therefore, allows a person born before the date of enactment to avail themselves of U.S. nationality status through Section 1408(4), while limiting the status of national of the United States to a date certain. Thus, there is no conflict between the "at birth" language contained in the first part of Section 1408 and the limiting language contained in Section 15(b) because the full scope of Section 1408(4) (and, therefore, the full scope of Section 1408 as a whole) is restricted for persons born before the date of enactment.

In addition, if, as Plaintiff argues, the 1986 amendment was meant to treat persons born before the date of enactment the exact same as persons born on or after the date of the enactment (and otherwise the same as persons who qualify under other parts of Section 1408), the very first

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 9

sentence of Section 15(b) accomplishes that goal without the need for any additional language. To accept Plaintiff's position that persons born before the 1986 amendment are indistinguishable from any other person who qualifies under any part of Section 1408, one would have to conclude that everything after the first sentence of Section 15(b) has no purpose and otherwise is superfluous. This would include the prohibition on persons born before the date of enactment from voting until after January 1, 1987 as identified in Section 15(b)(2). If persons born before the enactment were meant to be treated in all regards the same as all others under Section 1408, why limit their voting rights as compared with persons who qualify under parts (1), (2), and (3) of Section 1408?[6]

      Plaintiff also asserts that the acquisition of nationality for persons born before the date of enactment is retroactive so long as "Congress included language specifying that the status relates back to birth once obtained", citing to *Friend v. Holder*, 714 F.3d 1349 (9th Cir. 2013). (Dkt. No. 14 at 8.) While the Court agrees that *Friend* stands for this proposition, this is not what Congress did in this case. For persons born before the date of enactment, Congress placed a limitation on them by identifying a date certain on which their status as a U.S. national is conferred. *See supra* Section III.B. Section 15(b)(1) is devoid of any "language specifying that the status relates back to birth once [conferred]." If Congress meant for the acquisition of nationality status for persons born before the date of enactment to be retroactive to their birth, it

---

[6] Plaintiff asserts Section 15(b) seeks to ensure "that those [born before the date of enactment] do not unilaterally claim those benefits without first permitting the Secretary of State to verify their eligibility." (Dkt. No. 14 at 9.) However, if, as argued by Plaintiff, persons born before the date of enactment were to be treated equally with all other persons who qualify under Section 1408, it is unclear why prohibiting persons born before the date of enactment from unilaterally claiming benefits of U.S. national status was necessary. After all, persons who are U.S. nationals under subsections (1), (2), or (3) of Section 1408 also can encounter evidentiary problems in verifying their U.S. national status.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 10

would not have included any language after the first sentence of Section 15(b) or it would have specifically stated in Section 15(b)(1) that upon national status being conferred said status is retroactive to the person's date of birth. Congress did neither of these.

Plaintiff also asserts that "when Congress does *not* want to make a status fully retroactive despite using the 'at birth' language, it knows how to do so." (Dkt. No. 21 at 3.) Plaintiff points to 8 U.S.C. § 1435(d)(1) as an example of this wherein Congress specifically stated that citizenship is not construed as being conferred "during any such period in which the person was not a citizen." The language is clear in that particular statute. Likewise, however, Section 15(b) also is clear, "[i]n the case of a person born before the date of the enactment of this Act-(1) the status of national of the United States shall not be considered to be conferred upon the person until the date the person establishes to the satisfaction of the Secretary of State" that they meet the requirements of Section 1408(4) . . . [.]" As applied in this case, this means: "[i]n the case of a person born before the date of the enactment of this Act-(1) the status of a national of the United States [is not granted (or bestowed)] upon the person until [November 1, 1986 . . . .]" Again, such language limits the application of Section 1408(4) as to persons born before the date of enactment and, therefore, is not in conflict with the "at birth" language contained at the beginning of Section 1408.

Lastly, the placement of Section 1408(4) within Part 1 of Subchapter III of Chapter 12 of Title 8 (which relates to nationality and citizenship) does not weigh for or against either party's interpretation in this case. First, Section 1408(4) existed prior to the 1986 amendment and it makes sense that an amendment to a particular section, such as Section 1408(4), would remain in the same place within the Immigration and Nationality Act after the amendment. Second, and more importantly, regardless of the particular placement of Section 1408(4) within the

Immigration and Nationality Act, the plain language of Section 15(b) "says . . . what it means and means . . . what it says there." *Connecticut Nat. Bank*, 503 U.S. at 254. In this case, Section 15(b)(1) plainly states U.S. national status "shall not be considered to be conferred upon the person until" a date certain, which means U.S. national status is not granted (or bestowed) upon the person until a date certain.

Accordingly, for the reasons stated herein, the Court concludes that pursuant to 8 U.S.C. § 1408(4) as amended by Sections 15(a) and 15(b) of Public Law 99-396, 100 Stat 837 (1986), Plaintiff's mother's status as a national of the United States commenced on the date it was conferred and was not retroactive to her date of birth.[7]

## V.  CONCLUSION

Having considered Defendant's motion, the briefing of the parties, oral argument of counsel, and the remainder of the record, the Court finds and ORDERS that Defendants' Motion to Dismiss the Complaint (Dkt. No. 12-1) is GRANTED and the Complaint (Dkt. No. 6) is DISMISSED with prejudice.

Dated this 3rd day of March, 2022.

David G. Estudillo
United States District Judge

---

[7] Plaintiff noted at oral argument that this conclusion results in persons born before the date of enactment from passing national status to their children. While the Court acknowledges the severity of this result, it is unable to consider this consequence because the plain language of Section 15(b) is controlling.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 12